IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY TRUJILLO,

    Petitioner,

vs.

T.E. VAUGHN, Warden, et al.,

    Respondents.

No. CIV S-03-1472 GEB KJM P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

    Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging the loss of good time credit following a disciplinary hearing. Respondent has filed an answer and petitioner, his traverse.

I. <u>Background</u>

    Petitioner claims the disciplinary finding is invalid because the investigative employee assigned to help petitioner prepare for his disciplinary hearing failed to provide any assistance to petitioner. Pet. at 5.

/////
/////
/////
/////

1

Although respondent's documentary evidence is neither certified nor authenticated, petitioner does not dispute that the Rules Violation Report formed the basis of the disciplinary action against him. That report provides, in pertinent part:

> On 9/5/01, while working position 33045, 2nd tier, Building 15, I responded to a riot on the Facility III yard at approximately 2045 hours. As I approached the area I observed Inmate TRUJILLO, C-65910, fighting with an unidentified inmate. At this time I issued verbal orders for both inmates to get down. Neither inmate complied at which time I sprayed Inmate TRUJILLO, C-65910, with (2) - 1 second bursts of O.C. spray. Inmate TRUJILLO, C-65910, then complied with my orders to get down.

Answer, Ex. C at 1. At the completion of the disciplinary hearing, petitioner was found guilty and was assessed a forfeiture of 90 days of behavior good time credit. Answer, Ex. C at 2.

Petitioner filed for a writ of habeas corpus in Riverside County Superior Court, which dismissed the petition for failure to establish a prima facie case. Pet., Ex. A (Riverside County Superior Court decision). The California Court of Appeal denied petitioner's habeas petition without comment, Pet., Ex. B (Court of Appeal denial), as did the California Supreme Court. Pet., Ex. C (Supreme Court denial).

Petitioner filed this federal habeas petition on July 10, 2003.

II. <u>AEDPA Standards</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Although "AEDPA does not require a federal habeas court to adopt any one methodology," Lockyer v. Andrade, 538 U.S 63, 71 (2003), there are certain principles that guide its application.

First, the "contrary to" and "unreasonable application" clauses are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). It is the habeas petitioner's burden to show the state court's decision was either contrary to or an unreasonable application of federal law. Woodford v. Visciotti, 537 U.S. 19, 123 S. Ct. 357, 360 (2002). It is appropriate to look to lower court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

Second, so long as the state court adjudicated petitioner's claims on the merits, its decision is entitled to deference, no matter how brief. Lockyer, 538 U.S. at 76; Downs v. Hoyt, 232 F.3d 1031, 1035 (9th Cir. 2000). However, when the state court does not issue a "reasoned opinion," this court must undertake an independent review of the claims. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

Third, in determining whether a state court decision is entitled to deference, it is not necessary for the state court to cite or even be aware of the controlling federal authorities "so

long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). Moreover, a state court opinion need not contain "a formulary statement" of federal law, so long as the fair import of its conclusion is consonant with federal law. Id.

The Riverside County Superior Court's denial of petitioner's state habeas petition on September 4, 2002, was for failure to allege sufficient facts to establish a prima facie case. Pet., Ex. A. As noted, petitioner's habeas writs in the California Court of Appeal and Supreme Court were denied without comment. Pet., Exs. B, C. In other words, there is no reasoned decision issued by the state courts. Accordingly, this court undertakes an independent review of the record and associated claims. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2002).

III. Failure Of Investigative Employee To Provide Assistance

Petitioner argues that his procedural and substantive due process rights were violated when the assigned investigative employee failed to provide any investigative assistance to petitioner in preparation for his disciplinary hearing. Pet. at 5.

Where a prison disciplinary hearing may result in the loss of earned good time or behavior credits, due process requires that the inmate receive certain procedural protections. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the disciplinary committee." Id. Third, "there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." Id. Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "where an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the

evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570.

Under Wolff, prison officials must allow prisoners to seek assistance from fellow inmates or prison staff if the inmate is illiterate or where the factual issues are so complex that the inmate requires assistance in collecting and presenting evidence. Wolff, 418 U.S. at 570. California prison regulations rise above the floor set by Wolff and provide for an investigative employee or a staff assistant to each prisoner facing a disciplinary hearing for serious rule violations. See Cal. Code Regs. tit. 15, § 3318.

While California's regulations are more generous in that they provide assistance to all prisoners accused of serious rule violations, the Due Process Clause requires only that prisoners be afforded the procedural protections mandated by Wolff and its progeny and does not require that prisons comply with their own more generous procedures. Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).[1]  A prisoner's right to due process is violated "only if he was not provided with process to meet the Wolff standard." Id. Petitioner does not claim or submit any evidence that he was or is illiterate or that the issues in his disciplinary hearing were so complex that he needed assistance in collecting and presenting evidence at the hearing. Because petitioner is not in the protected class of inmates entitled to advice or help under Wolff, he cannot maintain a claim for

---

[1] Petitioner cites Aikens v. Lash, 514 F.2d 55, 59 (7th Cir. 1975), vacated on other grounds, 425 U.S. 947 (1976) (holding that prisoners in segregation might be entitled to assistance from other prisoners or staff under Wolff) and Eng v. Coughlin, 858 F.2d 889, 897-98 (2d Cir. 1988) (holding that prisoners in segregation are entitled to assistance in preparing their defense when facing disciplinary charges from other inmates or staff under Wolff; an inmate is denied due process when the assistant does not fulfill his obligations). See Mem. P. & A. In Supp. Pet. at 1. The U.S. Supreme Court has never stated that a segregated prisoner has a due process right to assistance from a fellow inmate or a prison staff member in preparing his defense. The Ninth Circuit has not extended Wolff to state that a segregated prisoner has a right to assistance in preparing his defense in disciplinary matters. Petitioner's claim thus is not supported by clearly established federal law.

5

inadequate advice or assistance.  See Wolff, 418 U.S. at 570.

IV.  Request For An Evidentiary Hearing

Petitioner requests an evidentiary hearing into the factual bases of his claim.  Pet. at 2.[2]  An evidentiary hearing into petitioner's claim may be held as long as petitioner did not fail to develop the factual basis of his claim in state court.  Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).  As in Baja, the state court rejected petitioner's state habeas petition because he failed to state a prima facie case in support of his claim.  Petitioner failed to develop the factual basis of this claim in state court.  Therefore, petitioner is not entitled to an evidentiary hearing in federal court.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for an evidentiary hearing is denied.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

/////
/////
/////
/////
/////
/////
/////

---

[2] The first page of the petition is identified as page 2.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: June 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

sg/truj1472.157